UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
KENYATTA GREENE, *pro se*,                          :
                                                    :
                              Plaintiff,            :
                                                    :        **SUMMARY ORDER**
              -against-                             :        12-CV-4899 (DLI) (LB)
                                                    :
AMERICAN BUILDING MAINTENANCE,                      :
                                                    :
                              Defendant.            :
---------------------------------------------------------- x

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* plaintiff Kenyatta Greene ("Plaintiff") filed the instant action against defendant ABM Janitorial Services Northeast, Inc. ("ABM" or "Defendant"), alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). ABM moves to dismiss Plaintiff's complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, contending that Plaintiff's claims are subject to mandatory arbitration. (*See* Def.'s Mem. of Law in Support of its Mot. to Dismiss Pl.'s Compl. ("Def.'s Mem."), Dkt. Entry No. 8.) For the reasons set forth below, ABM's motion is granted and the complaint is dismissed.

## BACKGROUND

Plaintiff began working for ABM in 1999. (Compl. at 4, Dkt. Entry No. 1.) Plaintiff alleges that he was denied full-time employment, but that he observed "other employees" being hired for full-time employment. (*Id.*) ABM contends, and Plaintiff

does not dispute,[1] that Plaintiff was a member of the Service Employees International Union Local 32BJ (the "Union"), which signed a 2008 Contractors Agreement ("CBA") with Realty Advisory Board on Labor Relations, Inc. ("RAB"), a multi-employer bargaining association of building owners, managements and building maintenance contractors, of which ABM is a member. (Decl. of Elana Gilaad ("Gilaad Decl.") ¶ 6, Ex. B, C, Dkt. Entry No. 8.)

The CBA contains a mandatory arbitration provision, which provides that an arbitrator "shall . . . decide all differences arising between the parties . . . and such other issues as the parties are expressly required to arbitrate before him/her under the terms of this Agreement." (*Id*. Ex. C Art. VI ¶ 1.) Additionally, the CBA contains a "No Discrimination" clause, which provides:

> There shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, sexual orientation, union membership or any characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, the Family and Medical Leave Act, the New York State Human Rights Law, the New York City Human Rights Code, New Jersey Law Against Discrimination, New Jersey Conscientious Employee Protection Act, Connecticut Fair Employer Practices Act, or any other similar laws, rules or regulations. All such claims shall be subject to the grievance and arbitration procedure (Article V and VI) as the sole and exclusive remedy for violations. Arbitrators shall apply appropriate law in rendering decisions based upon claims of discrimination.

(*Id*. Art. XIV ¶ 30.)

---

[1] On December 11, 2012, Defendant moved to dismiss the complaint; however, Plaintiff failed to timely respond or otherwise oppose the motion. On April 26, 2013, the Court entered an order directing Plaintiff to respond by no later than May 30, 2013 and warning Plaintiff that Defendant's motion would be deemed unopposed if he failed to respond. (*See* April 26, 2013 Order.) To date, Plaintiff has not responded.

On April 30, 2012, Plaintiff filed a charge with the Equal Employment Opportunity Commission. (Compl. at 4.) Plaintiff received a Notice of Right to Sue on July 20, 2012 and filed the instant action on September 28, 2012. (*Id.* at 5.) In his complaint, Plaintiff does not allege that he attempted to resolve his claims through the CBA's grievance and arbitration procedures.

## DISCUSSION

**I.  Legal Standard**

In evaluating a motion to dismiss under Rule 12(b)(1),[2] the court accepts as true all factual allegations in the complaint; however, it should not draw inferences favorable to the party asserting jurisdiction. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). "A case is properly dismissed for lack of subject matter [sic] jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). In determining the existence of subject-matter jurisdiction, a district court may consider evidence outside the pleadings. *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008) (citing *Makarova*, 201 F.3d at 113).

---

[2] Although Defendant invokes Rules 12(b)(1) and 12(b)(6) in its motion, there is a "lack of clarity in the case law of this Circuit (and others) as to what procedural mechanism must be employed by courts to dismiss actions in which the parties are bound to resolve (or attempt resolution of) their claims in accordance with a contractual grievance procedure, such as an agreement to arbitrate." *Tyler v. City of N.Y.*, 2006 WL 1329753, at *2 (E.D.N.Y. May 16, 2006) (collecting cases). The Court declines to address the issue, however, because the result "would be the same under nearly any of the available mechanisms." *Veliz v. Collins Bldg. Servs., Inc.*, 2011 WL 4444498, at *3 (S.D.N.Y. Sept. 26, 2011).

3

In reviewing Plaintiff's complaint, the court is also mindful that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

### III.  CBA Grievance and Arbitration Provisions

ABM moves to dismiss Plaintiff's complaint on the basis that Plaintiff has not utilized the grievance and arbitration procedures as required by the CBA. As detailed below, dismissal is warranted on this ground; therefore, the Court declines to reach Defendant's remaining arguments.

In *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009), the Supreme Court, upon examining a collective-bargaining agreement similar in all material respects to the CBA at issue here, concluded that "a collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law." *Id.* at 274. The Court noted that neither the text of the ADEA nor the text of Title VII precluded arbitration of claims. *Id.* at 267 n.9.

Following *Pyett*, district courts within the Second Circuit have dismissed lawsuits arising under the ADA, the ADEA, and Title VII based on arbitration clauses similar to the one at issue here. *See Borden v. Wavecrest Mgt. Team Ltd.*, 2012 WL 4094959, at *2 (S.D.N.Y. Sept. 18, 2012) ("There is no such language in the ADA, nor any authority that suggests that the ADA favors resolution of discrimination claims in federal court rather

4

than before an arbitral panel. The CBA is therefore enforceable."); *Veliz v. Collins Bldg. Servs., Inc.*, 2011 WL 4444498, at *4 (S.D.N.Y. Sept. 26, 2011) ("[B]ecause Veliz has not utilized the grievance and arbitration procedures as required by the CBA, his [Title VII and ADEA] claims against CBS are dismissed."); *Johnson v. Tishman Speyer Props., L.P.*, 2009 WL 3364038 at *3 (S.D.N.Y. Oct. 16, 2009) ("Because the CBA evidences a clear intent to arbitrate, Johnson's statutory race discrimination claims are within the scope of the arbitration clause."); *Borrero v. Ruppert Housing Co., Inc.*, 2009 WL 1748060, at *3 (S.D.N.Y. June 19, 2009) (holding that collective-bargaining agreement compelled plaintiff to arbitrate all discrimination claims).

Here, the CBA expressly provides that claims under the ADA, the ADEA, and Title VII "shall be subject to the grievance and arbitration procedure . . . as the sole and exclusive remedy for violations." (Gilaad Decl. Ex. C Art. XIV ¶ 30.) Although such language clearly and unmistakably requires Plaintiff to submit to the CBA's grievance and arbitration procedures, Plaintiff does not allege that he has made any attempt to do so. Moreover, Plaintiff does not allege that he was prevented or impeded from arbitrating his claim. Should Plaintiff wish to pursue his claims further, he must first utilize the grievance and arbitration procedures set forth in the CBA. Accordingly, Plaintiff's claims are dismissed without prejudice.[3]

---

[3] *See Veliz*, 2011 WL 4444498, at *4 (dismissing plaintiff's claims "without prejudice because if the CBA operates to preclude [plaintiff's] attempt, if any, to resolve his statutory claims through the procedures set forth therein, the CBA will be unenforceable and [plaintiff] will have the right to refile his claim in federal court").

## CONCLUSION

For the reasons set forth above, ABM's motion to dismiss is granted and the action is dismissed without prejudice.


SO ORDERED.

Dated: Brooklyn, New York
       August 28, 2013

                                                        /s/
                                      DORA L. IRIZARRY
                                  United States District Judge